

**IT IS ORDERED as set forth below:**

**Date: June 4, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| In re: | Case No. 25-10613-PMB |
| **SCV GRAPHIC PRODUCTIONS, INC.,** | Chapter 11 |
| Debtor. | |

### SECOND INTERIM ORDER AUTHORIZING DEBTOR
### TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
### AND NOTICE OF FINAL HEARING ON JUNE 18, 2025

This matter came before the Court on May 1, 2025 and May 29, 2025 for hearings (the "**Preliminary Hearings**") on the motion of SCV Graphic Productions, Inc. d/b/a Dangling Carrot Creative (the "**Debtor**" or "**Dangling Carrot**") for an *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Doc. 8] (the "**Cash Collateral Motion**"),[1] filed on April 29, 2025. Upon consideration of the Cash Collateral Motion, representations of counsel at the Preliminary Hearings, and all other matters of record, the Court hereby finds:

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

A. The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on April 28, 2025 (the "**Petition Date**").  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this case.

B. This Court has jurisdiction over the Cash Collateral Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor asserts that it is a borrower on certain loans with Wells Fargo Bank, N.A., and the United States Small Business Administration and also owes certain taxes to the California DTFA (collectively, the "**Lenders**"), which may assert security interests or liens on certain of the Debtor's personal property.

D. The revenue from the Debtor's business may constitute cash collateral as that term is defined in 11 U.S.C. Section 363 (the "**Cash Collateral**"). The Debtor believes that the Lenders may assert an interest in the Cash Collateral.

E. The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F. The Debtor asserts that it has provided actual notice of the Cash Collateral Motion and the relief requested therein to the Lenders, each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations of its business. A schedule of the Debtor's

revenues and cash requirements for the months following the Petition Date is set forth in the budget (the "**Budget**") attached as Exhibit A to the Cash Collateral Motion.

H. The Debtor alleges that in order to continue its operations and to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order and its Budget.

I. The Debtor has shown that the entry of this Order authorizing its use of Cash Collateral pending a final hearing on the Cash Collateral Motion (the "**Final Hearing**") is necessary to avoid immediate and irreparable harm to its estate pursuant to Bankruptcy Rule 4001(b). Among other things, entry of this Order will minimize the disruption of its business, increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Cash Collateral Motion is GRANTED on an interim basis.

2. Subject to the terms hereof and notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately.

3. Subject to this Order and its Budget, Debtor is authorized to use Cash Collateral as set forth herein from the Petition Date through and including the end of June 2025 (the "**Interim Period**"), provided however that the Debtor is authorized to pay all amounts authorized by separate order of the Court, even if such payments exceed the amounts set forth in the Budget. The Interim Period may be extended by further order of the Court.

4. In order to provide adequate protection for the Debtor's use of the Cash Collateral as authorized herein, the Lenders and any other secured creditor, to the extent they hold valid liens, security interests, or rights of setoff as of the Petition Date under applicable law, are hereby granted valid and properly-perfected liens (the "**Adequate Protection Liens**") on all property acquired by the Debtor after the Petition Date that is of the same or similar nature, kind, or character as each party's respective pre-petition collateral, to the extent of any diminution in the value of the Cash Collateral, except that no such Adequate Protection Lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The priority of the Adequate Protection Liens on the Debtor's postpetition assets remains the same as the priority that each of the Lenders had in that type of asset on the Petition Date. Further, the Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order.

5. Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

6. This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

7. The Court will hold a Final Hearing on the Cash Collateral Motion on **June 18, 2025 at 10:20 a.m.** in the 2nd Floor Courtroom, Lewis R. Morgan Federal Building & U.S. Courthouse, 18 Greenville Street, Newnan, GA 30263, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the

Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

8. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

9. Proposed counsel for Debtor is directed to serve a copy of this Order upon the Lenders, each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee within three (3) business days of entry of this Order. The Debtor is further directed to file a certificate of such service within three (3) days of mailing.

### ### END OF ORDER ###

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
*Proposed Counsel for the Debtor*

~ 6 ~

**Distribution List**

Benjamin R. Keck
KECK LEGAL, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

Office of the United States Trustee
ATTN: Jonathan Adams
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303