**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| In re: | CASE NO. 25-10613-PMB |
| **SCV GRAPHIC PRODUCTIONS, INC.** | CHAPTER 11 |
| Debtor. | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND
FOR HEARING ON DEBTOR'S SECOND MOTION TO EXTEND
THE PERIOD DURING WHICH THE DEBTOR MAY FILE AND SOLICIT
ACCEPTANCE OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1121(D)**

    **PLEASE TAKE NOTICE** that the above-captioned Debtor has filed its Second Motion to Extend the Exclusive Period During Which the Debtor May File and Solicit Acceptance of a Chapter 11 Plan (the "**Motion**") on November 13, 2025. Pursuant to Fifth Amended and Restated General Order No. 24-2018, **the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, 75 Ted Turner Drive SW, Room 1340, Atlanta, GA 30303, and serve a copy on the movant's attorney, Keck Legal, LLC Attn: Benjamin R. Keck, 2801 Buford Hwy NE, Suite 115 Atlanta, Georgia 30329, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the **Application to Employ Special Counsel** has been scheduled for **10:20 A.M.** on **December 10, 2025, in the 2nd Floor Courtroom, U.S. Courthouse, 18 Greenville Street, Newnan, GA 30263**, which must be attended in person, unless the Court orders otherwise.

    If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

    **Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

|  |  |
|---|---|
| Dated: November 13, 2025 | Respectfully submitted, |
|  | **KECK LEGAL, LLC** |
|  | <u>/s/ Jonathan Clements</u><br>Benjamin R. Keck, Ga. Bar No. 943504<br>Jonathan Clements, Ga. Bar No. 130051<br>2801 Buford Highway NE, Suite 115<br>Atlanta, GA 30329<br>Tel. (470) 826-6020<br>bkeck@kecklegal.com<br>jclements@kecklegal.com<br>*Counsel for Debtor* |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| In re: **SCV GRAPHIC PRODUCTIONS, INC.** Debtor. | CASE NO. 25-10613-PMB CHAPTER 11 |

**SECOND MOTION TO EXTEND THE PERIOD
DURING WHICH THE DEBTOR MAY FILE AND SOLICIT
ACCEPTANCE OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1121(D)**

SCV Graphic Productions, Inc., (the "**Debtor**") hereby files this motion (the "**Motion**"), pursuant to section 1121(d) of the Bankruptcy Code for entry of an order extending the time within which the Debtor may file and solicit acceptances of a chapter 11 plan. In support of this Motion, the Debtor respectfully states as follows:

### STATUS OF THE CASE

1. On April 28, 2025 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Bankruptcy Case**").

2. The Debtor operates and manages its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this case.

4. On August 22, 2025, the Court entered an Order extending the Exclusive Periods During Which Debtor May File and Solicit Acceptances of a Chapter 11 Plan [Doc. 92]. Currently, the extended periods are set to expire on December 24, 2025, and February 20, 2026, respectively.

5. The Debtor continues to negotiate with its creditors in good faith and requires additional time to file a Chapter 11 plan. The time periods set forth in section 1121(d) of the

-3-

Bankruptcy Code have not yet expired, and therefore, an additional extension of the Exclusivity Periods is appropriate.

### JURISDICTION, VENUE, AND STATUTORY PREDICATES

6.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

7.  The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

### RELIEF REQUESTED

8.  By this Motion, the Debtor requests entry of an order under Bankruptcy Code section 1121(d) extending the periods within which only the Debtor may file a chapter 11 plan and solicit acceptances thereof by approximately 60 days. Unless extended, the Debtor's Plan Period and Solicitation Period (each as defined below, and together, the "**Exclusivity Periods**") will expire on December 24, 2025, and February 20, 2026, respectively. The Debtor seeks to extend the Plan Period and Solicitation Period through and including February 23, 2026, and April 21, 2026, respectively, without prejudice to the Debtor's right to seek further extensions of both periods. This is the Debtor's second request for an extension of the Exclusivity Periods.

### BASIS FOR RELIEF

9.  Bankruptcy Code section 1121(b) provides for an initial 120-day period after the Petition Date within which a debtor has the exclusive right to file a chapter 11 plan of reorganization (the "**Plan Period**"). Bankruptcy Code section 1121(c) further provides for an initial 180-day period after the Petition Date within which a debtor has the exclusive right to solicit

and obtain acceptances of a plan filed by the debtor during the Plan Period (the "**Solicitation Period**").

10. Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause. Specifically, Bankruptcy Code section 1121(d)(1) provides: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:

   a. the size and complexity of the case;

   b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information,

   c. the existence of good faith progress toward reorganization;

   d. the fact that the debtor is paying its bills as they become due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress in negotiations with its creditors;

   g. the amount of time which has elapsed in the case;

   h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

   i. whether an unresolved contingency exists.

See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194

B.R. 98, 100 (Bankr. E.D. Tex. 1996); see also In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Borders Grp., Inc., 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); In re Cent. Jersey Airport Servs., 282 B.R. 176, 184 (Bankr. D.N.J. 2002); cf. Geriatrics Nursing Home, Inc. v. First Fid. Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 132-33 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy . . . creditors and win support for its restructuring . . . and thus ensure its survival as a business.").

11. Not all of the above factors are relevant in every case, and courts use only the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. See, e.g., In re Pine Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause exists to extend exclusivity); In re Express One Int'l, Inc., 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that debtor showed "cause" to extend exclusivity based on three of the factors).

12. Debtors are frequently granted such extensions in light of the particular circumstances of a case, in order to provide adequate opportunity to develop a plan of reorganization. See, e.g., In re Dendreon Corp., Case No. 14-12515 (LSS) (Bankr. D. Del. April 10, 2015) (granting an initial 110-day extension of the exclusive periods); In re Savient Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Feb. 21, 2014) (granting an initial 90-day extension of the exclusive periods); In re NE Opco, Inc., Case No. 13-11483 (CSS) (Bankr. D. Del. Oct. 30, 2013) (granting an initial 90-day extension of the exclusive periods); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. Oct. 15, 2013) (granting an initial 235-day extension of

the exclusive filing period and a 229-day extension of the exclusive solicitation period); In re Yarway Corp., Case No. 13-11025 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting an initial 120-day extension of the exclusive filing period and a 121-day extension of the exclusive solicitation period); In re LCI Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Apr. 5, 2013) (granting an initial 143-day extension of the exclusive periods).

13.     In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case.  See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase the period of exclusivity in its discretion."); In re Borders Grp., Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension . . . ."); In re Pub. Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility . . . ."); H.R. Rep. No. 95-595, at 232 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 ("[T]he bill allows the flexibility for individual cases that is unavailable today.").

14.     As set forth herein, the facts and circumstances of this Chapter 11 case warrants the requested extension of the Exclusivity Periods. The Debtor has acted diligently during the initial months of this Chapter 11 case, and will continue to do so for the remainder of the case.  The Debtor anticipates filing a plan in the coming months and seeks an extension to the Exclusivity Periods to preclude the costly disruption and instability that would occur if competing plans were

proposed either before the Debtor's plan is confirmed, or, if the Debtor's plan is not confirmed, before the Debtor has a meaningful opportunity to work with its key constituencies to put forth an amended proposal.

15. This Motion is the Debtor's second request for an extension of the Exclusivity Periods, and the request will not unfairly prejudice or pressure the Debtor's creditor constituencies or grant the Debtor any unfair bargaining leverage. The Debtor needs creditor support to confirm any plan, so the Debtor is in no position to impose or pressure its creditors to accept unwelcome plan terms. See 11 U.S.C. § 1129(a)(10) (plan confirmation requires accepting impaired class of creditors). The Debtor seeks an extension of the Exclusivity Periods to advance the case and continue good faith negotiations with its stakeholders.

16. Premature termination of the Exclusivity Periods may engender duplicative expense and litigation associated with multiple competing plans. Any litigation with respect to competing plans and resulting administrative expenses will only decrease recoveries to the Debtor's creditors and significantly delay, if not undermine entirely, the possibility of prompt confirmation of a plan of reorganization.

17. Given the consequences for the Debtor's estate if the relief requested herein is not granted and the substantial progress made to date, the requested extension of the Exclusivity Periods will not prejudice the legitimate interests of any party in interest in this case. Rather, the extension will further the Debtor's efforts to preserve value and avoid unnecessary and wasteful litigation.

18. Courts considering whether to extend a debtor's exclusive periods also may assess whether the debtor is paying its debts when they come due. See In re McLean Indus., Inc., 87 B.R.

830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtor is paying its undisputed post-petition obligations as they come due.

### RESERVATION OF RIGHTS

19. The Debtor reserves all rights to request further extensions of the Exclusivity Periods as necessary and appropriate.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 13, 2025               Respectfully Submitted,

 

**KECK LEGAL, LLC**

*/s/ Jonathan Clements*
Benjamin R. Keck, Ga. Bar No. 943504
Jonathan Clements, Ga. Bar No. 130051
2801 Buford Highway NE, Suite 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
jclements@kecklegal.com
***Counsel for Debtor***

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| In re: | CASE NO. 25-10613-PMB |
| SCV GRAPHIC PRODUCTIONS, INC. | CHAPTER 11 |
| Debtor. | |

**ORDER GRANTING SECOND MOTION TO EXTEND THE
EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE AND SOLICIT
ACCEPTANCES OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1129(D)**

Upon consideration of the motion (the "**Motion**")[1] [Doc. ___] of the Debtor for entry of an order under Bankruptcy Code section 1121(d) extending the Debtor's exclusive period to file a chapter 11 plan and to solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

-10-

with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may file any chapter 11 plan from the date hereof through and including **February 23, 2026**.

3. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **April 21, 2026.**

4. Nothing herein shall prejudice the Debtor's right to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code section 1121(d).

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Jonathan Clements*
Benjamin R. Keck, Ga. Bar No. 943504
Jonathan Clements, Ga. Bar No. 130051
2801 Buford Highway NE, Suite 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
jclements@kecklegal.com
*Counsel for Debtor*

**Distribution List**

Benjamin R. Keck
Keck Legal, LLC
2801 Buford Highway NE, Suite 115
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was filed using the Court's CM/ECF system, which generates an electronic service copy thereof to all parties registered to receive notices thereby, and the parties on the attached matrix by email.

Dated: November 13, 2025                                    Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Jonathan Clements*
Benjamin R. Keck, Ga. Bar No. 943504
Jonathan Clements, Ga. Bar No. 130051
2801 Buford Highway NE, Suite 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
jclements@kecklegal.com
***Counsel for Debtor***