**IT IS ORDERED as set forth below:**

**Date: December 10, 2025**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**
**Signed as Revised by the Court**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 25-10613-PMB |
| | ) | |
| SCV GRAPHIC PRODUCTIONS, INC., | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| THE HUNTINGTON NATIONAL BANK, | ) | |
| | ) | CONTESTED MATTER |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCV GRAPHIC PRODUCTIONS, INC, | ) | |
| | ) | |
| Respondent. | | |

**ORDER GRANTING THE HUNTINGTON NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This matter comes before the Court upon The Huntington National Bank's ("Huntington") *Motion for Relief from Automatic Stay* (the "Motion") (Dkt.121) filed on October 6, 2025 in the above-captioned case.

1. Huntington asserts that on or about December 22, 2022 the Debtor entered into a Commercial Finance Agreement (including all modifications, change in terms agreements, or corrections, "Agreement 500") with Mitsubishi HC Capital America, successor by merger to Engs Commercial Finance Co. ("Mitsubishi") in the principal amount of $250,037.00 to evidence the loan given by Mitsubishi ("Loan 500").

2. Huntington asserts that by the terms of Agreement 500, Debtor granted Mitsubishi a purchase money security interest in one (1) DMS 5B6-5-10-36 CNC Router (the "Loan 500 Collateral").

3. Huntington asserts that prior to the Petition Date, Mitsubishi perfected its security interest in the Loan 500 Collateral by filing a UCC Financing Statement with the California Secretary of State, File No. U220255189330 (the "Loan 500 UCC").

4. Huntington asserts that on or about December 28, 2022 the Debtor entered into a Commercial Finance Agreement (including all modifications, change in terms agreements, or corrections, "Agreement 501") with Mitsubishi in the principal amount of $126,928.00 to evidence the loan given by Mitsubishi ("Loan 501" and together with Loan 500, the "Loans").

5. Huntington asserts that by the terms of Agreement 501, Debtor granted Mitsubishi a purchase money security interest in (1) DMS 3B6-5-10-12 Industrial CNC Machine (the "Loan 501 Collateral" and, together with the Loan 500 Collateral, the "Collateral").

6. Huntington asserts that prior to the Petition Date, Mitsubishi perfected its security interest in the Loan 501 Collateral by filing a UCC Financing Statement with the California Secretary of State, File No. U220255194128 (the "Loan 501 UCC").

7. Huntington asserts that on February 4, 2025, Debtor was notified by Mitsubishi that all right, title, and interest in the Loans was assigned to Huntington (the "Notices").

8. The Collateral is property of the Debtor's estate pursuant to 11 U.S.C. § 541.

9. Huntington filed proofs of claim in the amounts of $206,272.90 and $104,912.52, respectively, which were assigned claim numbers 8-1 and 9-1, respectively (the "Proofs of Claim").

10. Following the commencement of this case, Huntington and the Debtor's attorney engaged in discussions regarding adequate protection. Debtor agreed to make adequate protection payments in the amount of $3,703.20 per month to Huntington until further order from the Court. The same was memorialized in the *Interim Order Authorizing Debtor to use Cash Collateral and Granting Adequate Protection* entered on July 1, 2025 (Dkt. 59).

11. To date, the Debtor has provided Huntington with three adequate protection payments in the respective amounts of $3,703.20, reflecting the adequate protection owed for the months of June, July, and August. Adequate protection payments for the months of September, October, November have not been remitted to Huntington by the Debtor.

12. As a consequence of failing to remit adequate protection payments to Huntington, Huntington filed the Motion.

13. This Court held a hearing on the Motion on November 12, 2025 (the "Hearing"). At the Hearing, the Court ordered the Debtor to cure adequate protection arrears by November 30, 2025. The Debtor failed to do so.

14. On December 3, 2025, Huntington filed a *Notice of Default Cure Failure* (Dkt. 135), reporting to the Court that Debtor failed to cure adequate protection arrears by November 30, 2025.

15. Due to Debtor's failure to remit adequate protection payments, Huntington is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because Huntington's interest in the Collateral is not being adequately protected, and there is a substantial risk of continuing loss to or diminution of the Collateral.

16. Huntington is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Collateral and the Collateral is not necessary for the Debtors' effective reorganization.

17. If Huntington is not granted relief from stay and permitted take possession of the Collateral, then Huntington will suffer irreparable injury, and loss.

18. Because the Collateral must be maintained and sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court; now, therefore,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the automatic stay is hereby modified pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to allow Huntington to repossess and liquidate the Collateral under the terms of the Loans and in accordance with applicable law; and

2. Any excess proceeds from the sale shall be turned over to the Trustee to the extent that such proceeds are property of the estate; and

3. Rule 4001(a)(3) shall be, and hereby is, waived to allow this Order to be effective upon entry by the Court.

Prepared by:

/s/ Arthur A. Ebbs
Arthur A. Ebbs
WOMBLE BOND DICKINSON (US) LLP
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Attorneys for Huntington National Bank*

**Distribution List**

SCV Graphic Productions, Inc.
27520 Avenue Mentry
Valencia, CA 91355

*Debtor*

Jonathan D Clements
Benjamin R Keck
Keck Legal, LLC
Druid Chase - Suite 115
2801 Buford Highway NE
Atlanta, GA 30329

*Attorneys for the Debtor*

Jonathan S. Adams
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

*Attorney for the United States Trustee*

Stephen P. Drobny, Esq.
Jones Walker LLP
3455 Peachtree Rd. NE
Suite 1400
Atlanta, GA 30326

*Attorney for Mitsubishi HC Capital America, Inc.*

Kelly E. Waits
BURR & FORMAN LLP
1075 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30309

*Attorney for Banc of America Leasing & Capital LLC*

Lee B. Perkins, Esq.
3715 Northside Parkway NW
Building 100, Suite 500
Atlanta, Georgia 30327

*Attorney for Paint Unlimited, Inc.*

Ashley D. Champion
David E. Gordon
One Atlantic Center, #1100
1201 W. Peachtree St., N.W.
Atlanta, Georgia 30309

*Attorneys for Crenshaw 3840 Partners, LLC*

C. Brent Wardrop
Quintairos, Prieto, Wood & Boyer, P.A.
365 Northridge Rd., Suite 230
Atlanta, GA 30350

*Attorney for Wells Fargo Bank, National Association*