**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-10613-PMB** |
| **SCV GRAPHIC PRODUCTIONS, INC.** | **CHAPTER 11** |
| **Debtor.** | |

**NOTICE OF HEARING FOR DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN, (C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME, AND PLACE FOR THE HEARING ON CONFIRMATION OF THE PLAN AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

**PLEASE TAKE NOTICE** that SCV Graphic Productions, Inc. (the "**Debtor**") has filed a Motion for entry of an Order (a) approving the Debtor's Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the forms of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time, and place for the final hearing on confirmation of the Plan and fixing a deadline for filing objections thereto, and (f) approving the related notice provisions (the "**Motion**").

You may also obtain a copy of the Disclosure Statement [Doc. 182] and the Motion by contacting Debtor's counsel, Benjamin Keck by email at bkeck@kecklegal.com.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **9:45 a.m. on April 15, 2026, in the 2nd Floor Courtroom, Lewis R. Morgan Federal Building & U.S. Courthouse, 18 Greenville Street, Newnan, Georgia 30263**, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the

hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: March 9, 2026

Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, GA. Bar No. 975437
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
***Counsel for the Debtor***

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-10613-PMB** |
| **SCV GRAPHIC PRODUCTIONS, INC.** | **CHAPTER 11** |
| **Debtor.** | |

**DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN, (C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME, AND PLACE FOR THE HEARING ON CONFIRMATION OF THE PLAN AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

SCV Graphic Productions, Inc. (the "Debtor"), by and through its undersigned counsel, hereby files this motion (this "Motion"), pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order (a) approving the Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization for SCV Graphic Productions, Inc. [Doc. 182] (the "Disclosure Statement") for solicitation purposes, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the forms of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time, and place for the final hearing on confirmation of the

Plan (defined below) and fixing a deadline for filing objections thereto, and (f) approving the related notice provisions. In support of this Motion, the Debtor respectfully states as follows:[1]

## BACKGROUND

1. On April 28, 2025 (the "**Petition Date**"), the Debtor commenced this case (the "**Case**") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no creditors' committee has been appointed in this case.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. On February 23, 2026, the Debtor filed a Chapter 11 Plan [Doc. 181] (the "**Plan**") and the Disclosure Statement related to the Plan.

5. The Debtor proposed the Plan because the Debtor believes that it provides the most efficient means to conclude this case and make distributions to the holders of allowed claims.

## RELIEF REQUESTED

6. The Debtor submits this Motion in connection with the Disclosure Statement and the Plan. As set forth herein, the Debtor seeks, among other things, entry of an order, substantially in the form attached hereto as **Exhibit A**, (the "**Disclosure Statement Approval and Procedures Order**"), granting the following relief: (a) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code for solicitation purposes, (b) establishing procedures for

[1] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

solicitation and tabulation of votes to accept or reject the Plan, (c) approving the form of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time, and place for the final hearing on confirmation of the Plan and fixing a deadline for filing objections thereto, and (f) approving the related notice provisions.

## The Disclosure Statement

7. Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1). The Disclosure Statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan. *See Krystol-Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F3d 314, 322 (3d Cir. 2003). Essentially, the Disclosure Statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Fevretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

8. In accordance with these precepts, the Disclosure Statement provides a summary of the Debtor's case, assets and liabilities, and estimates (where possible) of distributions to the holders of allowed claims.

9. Specifically, the Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the plan, including, among other things, information regarding:

- a summary of the classification and treatment of all classes of creditors and equity interests;
- the provisions governing distributions under the Plan; and
- the means for implementation of the Plan.

10. The Debtor respectfully submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.

11. The Debtor Proposes the following dates and deadlines related to the Disclosure Statement, the Plan, and approval and confirmation of the same:

| **Dates and deadlines related to the Disclosure Statement, the Plan, and approval and confirmation of the same** | **Proposed Date** |
|---|---|
| Deadline for Debtor to serve the Objection Deadline and Hearing Notice (See Paragraph [24] of the Motion) | April 22, 2026 |
| Deadline for Debtor to serve the Solicitation Package (See Paragraph [29] of the Motion) | April 22, 2026 |
| Rule 3018 Motion Deadline (See Paragraph [18] of the Motion) | May 5, 2026 |

| **Dates and deadlines related to the Disclosure Statement, the Plan, and approval and confirmation of the same** | **Proposed Date** |
|---|---|
| Rule 3018 Motion Response Deadline | May 19, 2026 |
| Voting Deadline | May 30, 2026 |
| Objection to Confirmation Deadline | May 30, 2026 |
| Objection to Confirmation Response Deadline | June 8, 2026 |
| Requested Confirmation Hearing | June 15, 2026 |

## Solicitation Procedures

### A. Approval of Forms of Ballot

12. In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtor proposes to mail to the holders of claims entitled to vote on the Plan the forms of ballot attached hereto as **Exhibit B** (the "**Ballot**"). Ballots will be served on claimholders in all Classes (the "**Voting Classes**"). The Ballot (i) provides claimholders in the Voting Classes with clear instructions on how to complete and return the Ballot, (ii) prominently features the Voting Deadline, and (iii) clearly and unequivocally states that Ballots received after the Voting Deadline will not be counted. The Debtor requests that the Court approve the form of each Ballot.

13. The Voting Classes are the only classes that will receive a Ballot to vote to accept or reject the Plan.

### B. Voting Deadline for the Receipt of Ballots

14. Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or

reject the plan." The Debtor anticipates commencing the plan solicitation period by mailing the Ballots and other approved solicitation materials to known members of the Voting Classes no later than three business days after the entry of the Disclosure Statement Approval and Procedures Order. Based on this schedule, the Debtor proposes that all Ballots being cast must be properly executed, completed, and delivered, by mail, overnight courier, personal delivery, or email to Keck Legal, LLC (the "**Balloting Agent**") so that the Ballots are actually **received** no later than **5:00 p.m. Eastern Time on May 30, 2026** (the "**Voting Deadline**"). That date will give claimholders sufficient time to review the solicitation materials and vote, and it provides the Debtor with enough time to tabulate the Ballots and prepare for any issues the voted Ballots may raise in connection with confirmation of the Plan.

**C. Procedures for Tabulating Votes**

15. Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in dollar amount and more than one-half in number of the allowed claims in that class that have actually cast ballots for acceptance or rejection of the plan. 11 U.S.C. § 1126(c). Pursuant to the order establishing bar dates [Doc. 65], the deadline for each creditor and party-in-interest to file proofs of claim against the Debtor was September 2, 2025. Accordingly, for purposes of voting on the Plan, the Debtor proposes that each Claim (a) for which a proof of claim was timely received by the applicable deadline; or (b) that is listed in the Debtor's Schedules and not listed as disputed, contingent, or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been filed prior to entry of the Disclosure Statement Approval and Procedures Order, be allowed solely for voting purposes.

16. The Debtor proposes that the following procedures be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Procedures**") and respectfully requests that the Tabulation Procedures be approved:

a. Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the Debtor's request for confirmation of the Plan.
b. Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.
c. Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.
d. Whenever a claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballot(s).
e. If a claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.
f. Each claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.
g. Claimholders may not split their vote within a Class, thus each claimholder will be required to vote all of its claims within a particular Voting Class either to accept or reject the Plan.
h. Ballots partially rejecting and partially accepting the Plan will not be counted.
i. The method of delivery of Ballots to the Balloting Agent is at the risk of each claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.
j. The Debtor expressly reserves the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.
k. Subject to any contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.
l. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.
m. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously

furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

n. For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or as otherwise ordered by the Court.

o. Ballots submitted by claimants subject to unresolved claim objections will not be counted unless such claimant filed a Rule 3018 Motion (defined below) and the Court grants such motion.

p. Ballots received that do not evidence the amount or evidence an incorrect amount of such creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon timely filed proofs of claim, or (ii) the Schedules filed by the Debtor if no proof of claim has been filed by such creditor, and counted as a vote to accept or reject the plan.

17. The Debtor respectfully submits that the Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their claims on some other basis, as described in greater detail below. Therefore, the Debtor seeks the Court's approval of such proposed rules.

## D. Procedures for Temporary Allowance of Claims

18. The Debtor proposes that any holder of a claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtor so that it is received no later than **5:00 p.m. (Eastern) on May 5, 2026**. The Debtor will then have until **May 19, 2026 at 5:00 p.m. (Eastern)** to file and serve responses to any Rule 3018 Motion.

19. In accordance with Bankruptcy Rule 3018, the Debtor further proposes that any Ballot submitted by a claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless

and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

## Solicitation Procedures

### A. Confirmation Hearing, Objection Deadline, and Notice Thereof

20. Bankruptcy Rule 3017(c) provides that, on or before the approval of a disclosure statement, the Court "may fix the date for the hearing on confirmation." In accordance with that rule, the Debtor requests that the hearing on confirmation of the Plan (the "**Confirmation Hearing**") be set for **June 15, 2026 or such other date as is convenient for the Court.**

21. The Debtor further requests that objections to confirmation of the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or equity interest of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtor: Keck Legal, LLC, Attn: Benjamin Keck, 2566 Shallowford Road, Suite 104-252, Atlanta, Georgia 30345, and (b) the Office of the United States Trustee, Attn: David Weidenbaum, Room 362, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, so as to be received by no later than **5:00 p.m. (Eastern) on May 30, 2026** (the "**Objection Deadline**"). The Debtor reserves the right to file a memorandum in support of plan confirmation and/or a consolidated reply to any such objections no later than **June 8, 2026 at 5:00 p.m. (Eastern)**.

22. Bankruptcy Rule 2002(b) requires that the Debtor provide all creditors with at least 28 days' notice of, among other things, (i) the deadline to object to a disclosure statement and the hearing thereon, and (ii) the deadline to object to plan confirmation and the confirmation hearing. In turn, Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Court. All known creditors and parties in interest will be served with notice of this Motion, the hearing thereon, and the Confirmation Hearing, and

the deadline for filing objections thereto (the "**Objection Deadline and Hearing Notice**"), a copy of which is attached hereto as **Exhibit C**.

23. Specifically, the Debtor proposes to serve the Objection Deadline and Hearing Notice on: (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) all creditors listed in the Debtor's Schedules, (iii) all parties that have filed a proof of claim in this case; and (iv) the United States Trustee.

24. In accordance with Bankruptcy Rule 3017(d), the Debtor intends to serve a copy of the Objection Deadline and Hearing Notice upon such parties no later than **April 22, 2026**. The Objection Deadline and Hearing Notice will set forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadline for filing Rule 3018 Motions; (iii) the Objection Deadline; (iv) the time, date, and place of the hearing and confirmation of the Plan, and (v) instructions on how to obtain copies of the Plan and Disclosure Statement.

**B. The Record Date**

25. Bankruptcy Rule 3017(d) provides that the Court may set the date on which the Disclosure Statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a plan of reorganization. *See* Fed. R. Bankr. P. 3017(d). The Debtor proposes that the Court establish the date the Court enters the Disclosure Statement Approval and Procedures Order as the record date (the "**Record Date**") for purposes of determining which holders of Claims in the Voting Class are entitled to receive a Ballot to vote to accept or reject the Plan.

26. With respect to any transferred claim, the Debtor proposes that the transferee will be entitled to receive and cast a Ballot on account of the transferred claim only if: (a) all actions necessary to effect the transfer of payment and interest of the claim pursuant to Bankruptcy Rule

3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

### C. The Solicitation Packages

27. Bankruptcy Rule 3017(d) identifies the materials that must be provided to the claimholders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the disclosure statement approved by the court;
> (2) the plan or a court-approved summary of the plan;
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
> (4) any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

28. In accordance with Bankruptcy Rule 3017(d), the Debtor proposes that, after entry of the Disclosure Statement Approval and Procedures Order, the following materials be mailed by the Balloting Agent to all claimholders in the Voting Classes (the "**Solicitation Package**"):

29. the Objection Deadline and Hearing Notice;

30. copies of the Plan and Disclosure Statement; and

31. an appropriate form of Ballot.

32. The Balloting Agent intends to mail the Solicitation Packages on or before **April 22, 2026,** to known claimholders in the Voting Classes.

33. The Debtor submits that the foregoing procedures for providing notice of the Confirmation Hearing, the Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are fair to holders of claims and interests and other parties in interest and are calculated to result in votes and objections that will be known in sufficient time to permit an organized and efficient confirmation hearing on the Plan. Accordingly, the Debtor respectfully requests that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## CONCLUSION

34. The Debtor respectfully requests that this Court enter the Disclosure Statement Approval and Procedures Order and provide such further relief as the Court deems just and proper.

Dated: March 9, 2026 Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, GA. Bar No. 975437
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
***Counsel for the Debtor***

**Exhibit A**

**Proposed Disclosure Statement Approval and Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-10613-PMB** |
| **SCV GRAPHIC PRODUCTIONS, INC.** | **CHAPTER 11** |
| **Debtor.** | |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN, (C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME, AND PLACE FOR THE HEARING ON CONFIRMATION OF THE PLAN AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

Upon consideration of the Debtor's Motion for the Entry of an Order (a) Approving the Disclosure Statement (b) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan, (c) Approving the Form of Ballots and Solicitation Materials,

(d) Establishing Voting Record Date, (e) Fixing the Date, Time, and Place for the Hearing on Confirmation of the Plan and the Deadline for Filing Objections Thereto, and (f) Approving Related Notice Procedures [Doc. __ ], filed March 9, 2026 (the "**Motion**");[1] and upon consideration of the Motion and all pleadings related thereto; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).

C. Notice of the Motion was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

D. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtor, its estate, and creditors.

E. The forms of ballot attached to the Motion as **Exhibit B** (the "**Ballots**"): (i) are consistent with Official Form No. B314, (ii) adequately address the particular needs of this case, and (iii) are appropriate for the Voting Classes.

F. The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for claimholders to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

G. The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

H. The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Objection Deadline and Hearing Notice comply with the Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Accordingly,

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED.

1. The Disclosure Statement is approved for solicitation purposes.

2. The voting procedures set forth in the Motion are approved.

3. The form of notice to be provided to creditors and interest holders of the Debtor as set forth in the Motion is approved.

4. Ballots substantially in the form attached to the Motion as **Exhibit B** are approved.

5. Ballots shall be distributed to the claimholders in the Voting Classes, who are entitled to vote to accept or reject the Plan.

6. In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, by either mail, overnight courier, personal delivery, or email to Keck Legal, LLC (the "**Balloting Agent**") at one or more of the addresses specified on the Ballots so that they are actually received no later than **5:00 p.m. Eastern Time on May 30, 2026** (the "**Voting Deadline**").

7. For the purposes of voting on the Plan, each Claim (a) for which a proof of claim was timely filed with the Court by the deadline for filing proofs of claims; or (b) that is listed in the Schedules and not listed as disputed, contingent, or unliquidated as to amount; and, in either

case, as to which no objection to the allowance thereof has been filed by the Record Date, shall be allowed solely for voting purposes.

8. The following procedures shall be utilized in tabulating the Ballots (the "**Tabulation Procedures**"):

a. Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the Debtor's request for confirmation of the Plan.

b. Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.

c. Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

d. Whenever a claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballot(s).

e. If a claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

f. Each claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

g. Claimholders may not split their vote within a Class; thus each claimholder will be required to vote all of its claims within a Voting Class either to accept or reject the Plan.

h. Ballots partially rejecting and partially accepting the Plan will not be counted.

i. The method of delivery of Ballots to the Balloting Agent is at the risk of each claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j. The Debtor expressly reserves the right to amend the terms of the plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtor make material changes in the terms of the plan, the Debtor will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

k. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

l. Subject to any contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

m. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

n. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will

any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

o. For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court.

p. Ballots submitted by claimants subject to unresolved claim objections will not be counted unless such claimant filed a Rule 3018 Motion (defined below) and the Court grants such motion.

q. Ballots received that do not evidence the amount or evidence an incorrect amount of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon timely filed proofs of Claim, or (ii) the Schedules filed by the Debtor if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the plan.

9. Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims of the Voting Classes accepting or rejecting the Plan. The Debtor shall cause such certification to be filed with the Court prior to the hearing on confirmation of the Plan.

10. If any claimholder seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such claimholder must file a motion, pursuant to

Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtor so that it is received no later than **May 5, 2026 at 5:00 p.m. (Eastern)**. The Debtor shall then have until **May19, 2026 at 5:00 p.m. (Eastern)** to file and serve any responses to such Rule 3018 Motions. Any Ballot submitted by a claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

11. The hearing on confirmation of the Plan is hereby scheduled for **June ____, 2026 at ___________ (Eastern)**. The hearing on confirmation of the Plan may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the final hearing on confirmation of the Plan or any continued hearing.

12. Objections to confirmation of the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or equity interest of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtor: Keck Legal, LLC, Attn: Benjamin Keck, 2801 Buford Highway NE, Suite 115, Atlanta, Georgia 30329, and (b) the Office of the United States Trustee, Attn: David Weidenbaum, Room 362, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, so as to be received by no later than **5:00 p.m. (Eastern) on June 8, 2026** (the "**Objection Deadline**").

13. The Objection Deadline and Hearing Notice in substantially the form attached to the Motion as **Exhibit C** is approved. No later than **April 22, 2026**, the Debtor shall serve the Objection Deadline and Hearing Notice on: (i) those parties who have requested notice pursuant

to Bankruptcy Rule 2002, (ii) all creditors listed in the Debtor's Schedules, (iii) all parties that have filed a proof of claim in this case; and (iv) the United States Trustee.

14. Counsel for the Debtor is directed to provide copies of the Plan and Disclosure Statement and this Order to any party requesting such copies.

15. Pursuant to Bankruptcy Rule 3017(d), the date on which this Order is entered shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**").

16. The Balloting Agent shall mail or transmit Solicitation Packages no later than five business days after the entry of this Order to members of the Voting Classes, which shall contain copies of: (a) the Objection Deadline and Hearing Notice; (b) the Disclosure Statement, (c) the Plan, and (d) a form of Ballot.

17. The Debtor is authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan and/or Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

18. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

19. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

20. The terms of this Order shall be effective immediately upon its entry.

**### END OF ORDER ###**

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, GA. Bar No. 975437
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
***Counsel for the Debtor***

**<u>Distribution List:</u>**

Benjamin R. Keck
KECK LEGAL, LLC
2566 Shallowford Road, Suite 104-252
Atlanta, GA 30345

Office of the United States Trustee
Attn: David Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

# **Exhibit B**

## **Ballot**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-10613-PMB** |
| **SCV GRAPHIC PRODUCTIONS, INC.** | **CHAPTER 11** |
| **Debtor.** | |

**BALLOT FOR ACCEPTING OR REJECTING**
**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

SCV Graphic Productions, Inc. (the "**Debtor**") filed the Debtor's Disclosure Statement [Doc. 182] (the "**Disclosure Statemen**t") and Chapter 11 Plan (the "**Plan**") [Doc. 182] on February 23, 2026.

On **__________ __, 2023** (the "**Record Date**"), the Court entered an order approving the Disclosure Statement and approving certain notice and voting procedures on the Plan [Doc. __]. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Plan and/or the Disclosure Statement, you may obtain a copy from Keck Legal, LLC (the "**Balloting Agent**") by contacting Benjamin Keck at bkeck@kecklegal.com or (470) 826-6020.

The Plan identifies fifteen Classes of Claims against the Debtor. Claims in all Classes are entitled to vote on the Plan

**You should review the Plan and the Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Only holders of Allowed Claims as of the Record Date may vote to accept or reject the Plan.**

**If your Ballot is not received by the Balloting Agent on or before 5:00 p.m. (Eastern) on May 30, 2026 and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote, and even if you reject the Plan.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the Record Date holder of a Claim against the Debtor, in the unpaid amount of $________________________________________:

*Check one box only*

❑ **Accepts the Plan**

❑ **Rejects the Plan**

Dated: ___________________

Name of creditor holding claim: ______________________________

Signature: _____________________________________________

Print or type name: ________________________________________

Title (if applicable): _________________________________________

Address: ______________________________________________

______________________________________________

______________________________________________

**Please mail or email this Ballot per the Instructions on the following page.**

## INSTRUCTIONS AND DEFINITIONS

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

2. This Ballot relates to your claim(s) as a Class creditor of the Debtor. All creditors in all Classes who are permitted to vote should complete this Ballot and return it in the enclosed envelope or via email to the Balloting Agent at bkeck@kecklegal.com. Only Record Date holders of Claims in all Classes may vote, and any vote by such a Record Date holder shall be binding on and enforceable against both such Record Date holder and any subsequent transferee or holder of such Claim. Indicate your acceptance or rejection of the Plan and the amount of your claim(s) in the spaces provided above.

3. You must vote all of your claims within a particular class either to accept or to reject the Plan, and you may not split your vote. A Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

4. Any ballot not bearing an original signature or electronic signature will not be counted. Any ballot submitted by facsimile will not be counted. Any ballot not indicating a vote to accept or to reject the Plan will not be counted.

5. To have your vote counted, your ballot must be received by **5:00 p.m. (Eastern) on May 30, 2026** (the "**Voting Deadline**") at one of the addresses below.

6. Based on the form of delivery, submit your ballot to:

| IF BY HAND DELIVERY, OVERNIGHT COURIER (FEDEX OR UPS) OR REGULAR/USPS EXPRESS MAIL | IF BY EMAIL |
|---|---|
| KECK LEGAL, LLC<br>Attn: Benjamin R. Keck<br>2801 Buford Highway NE, Ste 115<br>Atlanta, Georgia 30329 | bkeck@kecklegal.com |

7. If a Ballot is received after the Voting Deadline, it will not be counted.

**IF YOU HAVE ANY QUESTIONS ABOUT VOTING THIS BALLOT, PLEASE CONTACT THE BALLOTING AGENT AT 470-826-6020.**

# <u>Exhibit C</u>

## Objection Deadline and Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 25-10613-PMB** |
| **SCV GRAPHIC PRODUCTIONS, INC.,** | **Chapter 11** |
| **Debtor.** | |

**NOTICE OF (I) DEADLINE TO OBJECT TO DEBTOR'S PLAN; (II) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE DEBTOR'S CHAPTER 11 PLAN, (III) THE HEARING TO CONSIDER CONFIRMATION OF THE PLAN AND (IV) CERTAIN RELATED MATTERS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 23, 2026, Global Concessions Inc. (the "**Debtor**") filed a Chapter 11 Plan [Doc. 181] (the "**Plan**") and a Disclosure Statement related thereto [Doc. 182] (the "**Disclosure Statement**"). Pursuant to the order dated ________ __, 2026 [Doc. ___] (the "**Disclosure Statement Approval and Procedures Order**"), the Court approved, among other things, the Disclosure Statement.

2. A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Paul M. Baisier at the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, on **June __, 2026 at ______m. (Eastern).**

3. Objections to confirmation of the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or equity interest of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtor: Keck Legal, LLC, Attn: Benjamin Keck, 2801 Buford Highway NE, Ste 115 Atlanta, Georgia 30329, and (b) the Office of the United States Trustee, Attn: David Weidenbaum, Room 362, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, so as to be received by no later than **5:00 p.m. (Eastern) on May 30, 2026** (the "**Objection Deadline**"). The Debtor reserves the right to file a memorandum in support of plan confirmation and/or a consolidated reply to any such objections no later than **June 8, 2026 at 5:00 p.m. (Eastern)**.

4. Pursuant to the Disclosure Statement Approval and Procedures Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the Plan. If you are a holder of a Claim against the Debtor as of **________ __, 2023** (the "**Record Date**") and entitled to vote, you have received with this Notice a ballot form (a "**Ballot**") and instructions for completing the Ballot.

5. For a vote to accept or reject the Plan to be counted, the holder of a Ballot must complete all required information on the Ballot, execute the Ballot and return the completed Ballot in accordance with the instructions so that it is received by **5:00 p.m. (Eastern) on May 30, 2026** (the "**Voting Deadline**"). Any failure to follow the instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify such Ballot to vote on the Plan. The rules and procedures for the tabulation of votes are outlined in the Disclosure Statement Approval and Procedures Order.

6. If a holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes under the Tabulation Procedures (as defined in the Disclosure Statement Approval and Procedures Order), that party must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve that motion on the undersigned counsel to the Debtor so that it is received no later than **May 5, 2026 at 5:00 p.m. (Eastern)**. The Debtor shall have until **May 19, 2026 at 5:00 p.m. (Eastern)** to file and serve any responses to such motions. Unless the Court orders otherwise, such Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Procedures.

7. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order confirming the Plan.

8. Copies of the Plan and Disclosure Statement and the Disclosure Statement Approval and Procedures Order can be obtained by contacting Debtor's counsel at the mailing address, email address, and/or phone number below.

Dated: March 9, 2026

Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*

Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, GA. Bar No. 975437
2801 Buford Highway NE, Ste 115
Atlanta, Georgia 30329
(470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
***Counsel for the Debtor***