**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO.: 25-10613-pmb |
| SCV GRAPHIC PRODUCTIONS, INC., | : | |
| | : | CHAPTER 11 |
| Debtor. | : | |
| | : | |

**THE HUNTINGTON NATIONAL BANK'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN**

Now comes The Huntington National Bank ("Huntington"), a secured creditor in this case, and submits this objection to confirmation of SCV Graphic Productions, Inc.'s (the "Debtor") Chapter 11 plan (the "Objection"). In support of this Objection, Huntington states as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 28, 2025 (the "Petition Date"), and the Debtor continues to operate as a debtor-in-possession.

2. Huntington filed two proofs of claim on May 21, 2025 in the amounts of $206,272.90 and $104,912.52, respectively. Huntington's claims are secured by one (1) DMS 5B6-5-10-36 CNC Router and one (1) DMS 3B6-5-10-12 Industrial CNC Machine (the "Collateral").

3. On December 10, 2025, this Court entered an order granting Huntington relief from the automatic stay due to the Debtor's failure to make adequate protection payments.

4. On February 11, 2026, Huntington initiated a lawsuit in replevin against the Debtor in the Superior Court for the State of California for the County of Los Angeles captioned *The Huntington National Bank v. SCV Graphic Productions, Inc. dba Dangling Carrot Creative, and*

*Scott Allan Niner, Case no. 26STCV04697* following Debtor's refusal to peacefully surrender the Collateral.

5. The Debtor filed its Plan of Reorganization (D.E. 181; the "Plan") and Disclosure Statement (D.E. 182) on February 23, 2026.

6. The Plan provides for treatment of Huntington's claims. Huntington does not object to the treatment provided in the Plan.

7. Huntington objects to the Plan to the extent that it does not have explicit language allowing Huntington to preserve its rights under applicable non-bankruptcy law and pursuant to the prior Order Granting Relief from the Automatic Stay entered in this case.

8. Huntington has previously obtained relief from the automatic stay, which entitles it to exercise its rights and remedies with respect to its collateral under state law. However, because a confirmed Chapter 11 plan is binding on creditors and may supersede pre-confirmation orders if not expressly preserved, the absence of such language in the Plan creates ambiguity as to Huntington's ability to enforce its rights upon a post-confirmation default.

9. Accordingly, the Plan should be amended to include specific language confirming that Huntington retains the full benefit of its stay relief and may, upon any post-confirmation default, exercise all available state law remedies, including repossession and replevin, without the necessity of further order of this Court. In the absence of such language, confirmation would impermissibly impair Huntington's rights and prejudice its ability to promptly enforce its collateral rights in the event of default.

10. Huntington requests the inclusion of the following language in the confirmation order:

> Notwithstanding any provision of this Plan to the contrary, Huntington shall retain the full benefit of the Order Granting Relief from the Automatic Stay previously entered in this case.
>
> In the event of any post-confirmation default by the Debtor with respect to obligations under this Plan or any applicable loan documents, Huntington shall be entitled, without further order of this Court, to exercise all rights and remedies available under applicable non-bankruptcy law, including but not limited to repossession, replevin, foreclosure, and disposition of the Collateral.
>
> A default shall include, but not be limited to, (i) failure to make any required Plan payment, (ii) failure to maintain insurance on the Collateral, or (iii) failure to make any direct post-petition payments, if applicable. Huntington shall provide written notice of default and allow the Debtor ten (10) days to cure prior to exercising state-law remedies.
>
> Confirmation of this Plan shall not be deemed to stay, limit, modify, or otherwise impair Huntington's rights under the prior stay relief order or applicable state law upon the occurrence of such default. The Debtor expressly acknowledges that no further motion for relief from stay shall be required for Huntington to enforce its rights following a post-confirmation default.

WHEREFORE, The Huntington National Bank respectfully requests that the Court deny confirmation of the Plan unless such language is included in the confirmation order and grant such other and further relief as the Court deems just and proper.

June 10, 2026

WOMBLE BOND DICKINSON (US) LLP

/s/ Arthur A. Ebbs
Arthur A. Ebbs
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Attorneys for The Huntington National Bank*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed using the Court's CM/ECF system, which will automatically provide electronic service to all counsel of record.

June 10, 2026

WOMBLE BOND DICKINSON (US) LLP

/s/ Arthur A. Ebbs
Arthur A. Ebbs
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Attorneys for The Huntington National Bank*